UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

Chief Jazz Elyse Estell El ex rel. DANETTE ELYSE WHITAKER

    Claimant,

v.

CITY OF GREENSBORO, N.C.

CHIEF BRIAN JAMES, acting in his official
    capacity and individual capacity,

OFFICER ANDREW MULDOWNEY, acting in his
    capacity as CITY OF GREENSBORO, N.C.
    officer and individual capacity,

OFFICER J. FEDER, acting in his official capacity
    as a CITY OF GREENSBORO, N.C. police
    officer and individual capacity

OFFICER D. STOLLINGS, acting in his official
    capacity as a CITY OF GREENSBORO, N.C.
    police officer and individual capacity

DEFENDANTS.

VERIFIED CLAIM
Void Orders/Void Judgments
Indian Civil Rights
42 U.S.C. § § §1981,1983, 1988
Color-of-State Law
Case No.

1:22CV48

## JURISDICTIONAL BASIS

1.    Claimant claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the Constitution for the United States of America. Claimant is an aboriginal American Indian and a tribal member of several Indian Tribes as defined in Title 25 U.S.C. 3653 (4 "Indian tribe The term "Indian tribe" means any Indian tribe, band, nation, pueblo, or other

organized group or community which administers justice or plans to administer justice under its inherent authority..." and ArtI.S8.C3.1.3 Commerce With Indian Tribes This Court also has jurisdiction as a court of competent jurisdiction to hear cases for void judgments. There is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000 which grants the United States federal district court jurisdiction under 28 U.S.C. §1332(a),

II. Claimant being an aboriginal American Indian as outlined in provided Affidavit of Status "**Exhibit 1**", Tribal Chief of the House of Estell and member of several aboriginal American Indian Tribes, brings this suit for lawful money damage, declaratory, emergency injunctive relief, and injunctive relief pursuant to 42 U.S.C. § § 1983, 1988, 18 U.S.C. §§ 241 and 242 and Article 1, Section 2, Clause 3 "Excluding Indians Not Taxed", ArtI.S8.C3.1.3 Commerce With Indian Tribes, the Fourth, Fifth and Ninth Amendments of the Constitution for the United States of America, Public Law 106-559 106th Congress, inherent rights of aboriginal American Indians, federal rights and treaty rights of aboriginal American Indians.

## PARTIES

III. Claimant, known by lawful name Jazz Elyse Estell El, is a natural aboriginal American Indian woman. Herein known as Claimant. Claimant's mailing location is ℅ 1852 Banking Street #9391, Greensboro, North Carolina.

IV. Defendants are the CITY OF GREENSBORO, N.C., POLICE CHIEF BRIAN JAMES, OFFICER ANDREW MULDOWNEY, OFFICER J. FEDER, and OFFICER D. STOLLINGS. Residential addresses are unavailable. Herein collectively known as "defendants" are employed by the CITY OF GREENSBORO, N.C. City Hall location 300 West Washington Street Greensboro, North

Carolina, 27401 Phone 336-373-2489 and the GUILFORD COUNTY, N.C. jail at 201 S. Edgewater Street, Greensboro, N.C. 27401.

## CAUSE OF ACTION

V.      Deprivation of Rights Under Color of State Law brought pursuant to Title 42 U.S.C. § 1983 and Title 18 U.S.C. § 242, Conspiracy Against Rights Title 18 U.S.C. § 241, Equal rights under the law 42 U.S.C. § 1981, Proceedings in vindication of civil rights 42 U.S. Code § 1988 and Damage to religious property; obstruction of persons in the free exercise of - 18 U.S.C. § 247. Claimant challenges all orders/judgments (Greensboro, N.C. Police Report Number 20211005075 Citation Numbers: 21 CR 083558; 21 CR 083559; 21 CR 083560), and all color-of-State law orders and judgments as void or voidable.

## STATEMENT OF CASE

VI.     On October 5, 2021 while Claimant was traveling in her private automobile on Martin Luther King Jr. Drive at approximately 10:57 am., Claimant was approached by a CITY OF GREENSBORO, N.C. police vehicle with its emergency lights flashing. Claimant stopped her private automobile. When the officer approached her private automobile, the officer asked Claimant if she "knew the speed limit". Claimant was extremely nervous and feared for her safety. Claimant asked for a moment so that she could calm herself. Claimant then asked the officer for his name and badge number. He identified himself as Officer Muldowney, badge number 1557. Aboriginal American Indian Claimant, was denationalized by Officer Muldowney when he identified her as a "Sovereign Citizen". During the unlawful detention, Claimant's personal property to include her private bag and her private automobile were unlawfully searched. Claimant was unlawfully arrested under color-of-State law. Claimant, under threat, duress, and coercion signed forms presented while she was detained. Claimant

was fearful that she would miss work. Claimant was also fearful that prolonged detention would have caused Claimant's minor child to be left alone and in danger.

Claimant was released at approximately 12:45pm on the day of the arrest. Since the defendants unlawfully seized and impounded the Claimant's private automobile, she was forced to walk home.

At no time during the unlawful stop or the unlawful imprisonment was the Claimant informed that she was suspected of committing a crime. During the unlawful searches of the Claimant's body, the officers touched the breasts and vagina of the Claimant. Being touched in such a manner by strangers is a violation of Claimant's religious and spiritual beliefs.

The CITY OF GREENSBORO, N.C. and the GREENSBORO, N.C. CHIEF OF POLICE BRIAN JAMES are responsible for the training of their employees. Both failed to inform their employees of rights of citizens and Indians which are protected by the Constitution for the United States of America as well as violations of federal laws and Indian Rights/Rights of Indigenous Peoples. These acts by the DEFENDANTS appear to be in violation of their oaths of office to uphold and protect the Constitution for the United States of America.

These unlawful acts by the Defendants are in violation of numerous aforementioned United States Codes, Article 1, Section 2, Clause 3 "Excluding Indians Not Taxed", the Fourth Amendment, the Ninth Amendment of the Constitution for the United States of America, and the inherent nationally and internationally protected rights of aboriginal American Indians.

A sworn criminal complaint and request for independent investigation shall be filed with the UNITED STATES FEDERAL BUREAU OF INVESTIGATIONS for Title 18 violations, violations of Constitutionally protected rights, physical (to include sexual assault, national origin discrimination and

violation of religious rights all while acting under municipal, local and/or state administrative statutes, codes and ordinances and color-of-State law.

## DEMAND FOR RELIEF

VII. Wherefore claimant prays for this Court to issue equitable relief. Anticipated relief is outlined below.

A. Issue emergency injunctive relief commanding defendants, their representatives and employees, successors and assigns to cease and desist all harassments, abuses, kidnappings, and all unlawful, unconstitutional contact of any kind. An emergency injunction is necessary as JUDGE TONIA CUTCHINS, on January 11, 2022, without corpus delecti, without personam jurisdiction, without subject matter jurisdiction, without lawful due process, and while acting under color-of-State law, issued a void order for the arrest of Claimant. Memorandum for void orders/judgments provided. "**Exhibit 2**"

B. As the CITY OF GREENSBORO, N.C. had been previously provided with a schedule of fees, Claimant presents a demand for money damages in the amount of $1,000,000 which is much less than that outlined by the schedule of fees.

C. Finally, declaratory relief. Jurisdiction has been challenged and never established. It has been well-established that the Claimant is an aboriginal American Indian. International law and federal law recognizes the lawful rights of the indigenous inhabitants of the Americas to sovereignty and property. The CITY OF GREENSBORO, N.C. has been presented with an affidavit of status "**Exhibit 1**" and identifying the Claimant as an aboriginal American Indian. As declared by the Supreme Court of the United States and other State Supreme Courts, please reaffirm by declaration a lack of jurisdiction by state, local, county, and/or municipal employees over American Indians.

## CONCLUSION

Defendants failed to state jurisdiction on the record. Defendants failed to state a lawful claim upon which relief can be granted. It appears that the municipality of the CITY OF GREENSBORO, N.C. is enforcing statutes and ordinances while claiming that it has jurisdiction under its judicial authority. Stare decisis clearly states that Courts, when acting administratively, have no judicial authority and no judicial power. As well, the Constitution for the United States of America and Supreme Court rulings have reaffirmed the sovereignty of American Indians and forbid the imposed jurisdiction of states, localities and municipalities even when an American Indian is involved in a crime. We know that in this instance, there was no crime or even suspicion of a criminal act. Defendants actions have cause extreme emotional and psychological harm.

## STATEMENT OF VERIFICATION

I have read the above claim and affirm that it is correct and true to the best of my knowledge.

January 12, 2022

_____
Jazz Elyse Estell El
Aboriginal American Indian
Holder in Due Course of the
ens legis **DANETTE ELYSE WHITAKER**